Morning. I've asked for two minutes for rebuttal and may it please the court. This is a black loan claim that involves a situation where the claimant filed the claim back in the 1990s. There was a determination that Arkansas Coal, a determination by an ALJ on the merits based on the record that Arkansas Coal was not the correct responsible party for that claim. The claimant filed another claim. Arkansas Coal claimed that it was already dismissed from the case, it was not responsible for his benefits and that the Department of Labor's effort to reassert liability was barred by a couple of things. It was barred by statute number one, that is section 33 U.S.C. 921A of the Longshore Act, which applies to this kind of case. It was barred by common law principles of collateral estoppel, which the Supreme Court has said apply in all federal litigation, federal agency litigation, unless Congress has expressly provided that it does not apply. And third of all, the Department of Labor has waived its right under any normal sense of waiver to make a claim that Arkansas Coal is the correct responsible party. And the fact is that the waiver in this situation has caused extreme prejudice to Arkansas Coal to be able to prove its case, because we still don't know who the correct responsible party is and whether these later employers, the Department of Labor imposes liability on the last employer that employed the miner for a year. There was a company that then sold itself to another company and the two of them, the two of those companies, MTM and there's no reason why it didn't have insurance except for maybe the Labor Department lost the paperwork. And for those three reasons, and under any other circumstances, under any other kind of litigation, where there had been a final adjudication by a judge on the merits with a record, and nothing changed, the party who had prevailed in that litigation as to its responsibility would not be required to re-litigate that case. And yet here we are in this Black Lung case. The first point I'd like to make is that the statute really ought to control this. And Section 21A of the Longshore Act provides that if you don't file an appeal or file for modification in accordance with the provisions of the Longshore Act, the decision of the administrative law judge is final. Now Congress knows what final means, and we know what final means, but the Department of Labor doesn't seem to know what final means, at least on this kind of case. Now we know that this court has held that claimants can get another shot. Now that's up at the Supreme Court, it's been there for a long time. We don't know where that's going to go. That issue's going to go on for a long time. But this is not a question of claimants experiencing a change in conditions. But what do you mean that issue's been at the Supreme Court and it's going to stay there a long time? No, it's not going to stay there. It's going to be around for a long time. But you think that particular issue is going to be resolved shortly by the Supreme Court? I don't know. What case is it? Sexton, it's your case. Sexton v. Buck Creek Coal Company. The Solicitor General has taken six months' worth of extensions on that. I see. And so it's still there. But that's irrelevant to this, because this is not a matter where you have a changed condition. This is not a matter where, as the Department always argues, you have a new cause of action. There's nothing new here. This is the same case. And the reason why we're here is because the first Administrative Law Judge in 1991 asked the Labor Department, ordered the Labor Department, to support its opposition to the motion filed by Arkansas Coal that it was not responsible. The Labor Department didn't do anything. Didn't brief it. Didn't submit any evidence. Did nothing. And the Administrative Law Judge in that case— But the Department of Labor initially contested it. Isn't that correct? Doesn't the record show that that issue was contested even though admittedly not briefed? Well, it didn't put out any evidence either. I mean, the decision of the first ALJ would have been supported by substantial evidence. The evidence showed we weren't the responsible party. That was what the evidence showed. Your prior argument was that they had not—was related to the position that the DOL had taken. And my question to you is, didn't the DOL, without regard to what they did at the hearing, didn't they contest the issue? Well, I think it was pretty pro forma. They didn't do anything to contest it. They just said they contested it. Well, they filed a brief. No, they didn't. They did not. They filed a brief in opposition to your motion to dismiss. They didn't do anything. No. Well, they filed a brief. The ALJ—it's not a brief. I mean, they just opposed it. The ALJ said, okay, submit your evidence, and then the ALJ had briefing. The Department of Labor didn't submit evidence, didn't do anything, and the Department didn't brief it. The Department—in any other court, this is a waiver of the right to do those things. Let's clear up one hopefully factual question at the beginning. Okay. You filed a motion to dismiss. In 1991. Did they file an opposition to that motion? Yes. So it isn't that they didn't do anything. They filed an opposition. Now, then there's a hearing, and they didn't produce any evidence, right? And they didn't brief the ultimate issue. They didn't brief it a second time? Is that it? No. They didn't. The Administrative Law Judge asked for briefs at the end of the case, and the Department of Labor filed no briefs. I mean, the Department of Labor's opposition was pretty pro forma. I mean, the thing is that they were simply saying that our motion should be denied, and they would prove why. They never—there was no evidence to prove why. They didn't brief something that was supported by a record. They simply opposed it. I don't know. I mean, they participated, but they participated in a completely ineffective way. But your argument of waiver would require effectively knowing intentionality on their part. So if they oppose, then they haven't waived. Well, Your Honor, I think we all know it doesn't work like that. First of all, the— Well, does it not work like that at law, or does it not work like that because you disagree? No, it doesn't work like that at law. The Administrative Procedure Act requires—and we're into the collateral estoppel question. The Administrative Procedure Act requires an Administrative Law Judge deciding a case. The Supreme Court has said that the APA applies in black-lung claims and that the Department of Labor has no authority—the Greenwich-Colliery Department of Labor has no authority— to alter the application of the APA. What the APA says is that the Administrative Law Judge is required— this is 557, 5 U.S.C. 557, C3, I believe it's A. I have it somewhere. But in any case, believe me, this is what it says. The Administrative Law Judge is required to decide all issues that are on the record before him. And that was one of the issues that was on the record before him. And he decided it. And that was what he was supposed to do. And so looking at the Department's view of moving to the collateral estoppel issue, first of all, I want to say the Supreme Court has held a million times that agencies have no authority to waive finality without express— and what we mean by express is words in a statute that says you can waive this. The Supreme Court has held that no agency can waive common law principles of finality, which includes collateral estoppel. The Administrative Law Judge, the second Administrative Law Judge, and there really shouldn't be any question about this, although the Department of Labor raises one without any good reason, in the first case there was final judgment. The director of government had a full and fair opportunity to litigate. I'm looking at Appendix 22. And the issue in the prior proceeding, although the director failed to do so by not appearing at the hearing or submitting evidence. The primary question then is whether the determination was necessary to the outcome of the case. Now, the determination of liability is necessary to the outcome of every kind of case where liability is at issue. But didn't it become apparent that Mr. Lawson was not going to be determined to have a black loan? Your Honor? Didn't it become apparent in the hearing at some point? You haven't had a lot of experience with these cases. Nobody is going to bet their pension that somebody is going to win or lose a black loan case. And for the Department of Labor to say that they were relying on their judgment, somewhere up in whatever floor their bosses live on, that this case wasn't going to be a winner is just blowing smoke. That is completely invalid reasoning, and it never happens. But it turned out they were correct. Well, sometimes you're right and sometimes you're wrong, but there was no determination. And if they had produced some evidence to show that there was a determination, you know, they file memos and stuff. They make decisions based upon the way government does it. If they had shown, we decided we're not going to bother with this case, then that might have some weight. But here, they didn't do that, and it never happened. And to tell you the truth, you know what? I think they're wrong about who the responsible party was. I think they lost the paperwork. Now, 16 years later, we reaped the benefits of the prejudice caused by what the Labor Department did. We tried to take, you know, there's personal liability for these cases, for people who don't obtain insurance. We found one guy who was involved, an owner of that later company, and we got him, he took his testimony, and we said, well, didn't you have insurance? And he said, well, we had to get permits. He testified. And you couldn't get a permit in Kentucky without having workers' comp insurance. And I'll tell you something else. You can't get workers' comp insurance in Kentucky without covering the federal risk. It's impossible. And so he thought he had insurance. He thought he had permits to mine, so he had to have insurance. So where's the paperwork? We can't get it. You know, the Labor Department says that, you know, we have the burden of proof. We can't get any of this stuff. And besides their burden of proof issue, you know, Greenwich Collier, the Fourth Circuit has held, they have the burden of proof. And then they try to fix it in regulations. But the fact of the matter is that the Supreme Court had already decided that we don't have a burden to prove we're not responsible. That's not our job. That is the job. On this question of whether it's necessary, it seems like it's almost a chicken and the egg because you say there's no point in determining whether the person had black lung until after you've determined who the responsible party is. Government responds and says, well, look, there's no point in even determining who's the responsible party unless we determine whether the person is entitled to a pension. So they seem to both be plausible arguments. Why is it not correct to say it's not necessary to find who is the responsible party if there is no liability for benefits? Well, first of all, Your Honor, what I'm saying is that you could never know if there's going to be liability for benefits. I mean, you've seen these cases before. People come in with evidence. People file for modification a year later after there's been a final determination, which is what the Labor Department perhaps should have done. But the thing is that you can't know. And this is an invented argument 16 years after the fact. I'm sorry. I'm just not following you. You can't know what? You can't know whether the claimant is going to win or lose the case. I understand that. I got that. But what is wrong about the analytical argument being made by the government that you determine first if the person is entitled to benefits, and then if they are, you determine then who is the responsible party? That's not the way they do it. Their regulations don't work that way. And besides that, none of it is. . . All right. The regulations don't work that way. There's just lots of sweeping statements about, well, it isn't the way it works. We don't really know how it works in the sense that we're not there doing these things every day like you are. So as a practical matter, you do a lot of these, right? Do. . . You do a lot of these black lung cases. Yes. If you looked at the orders that come out of the department over a long period of time, which, for example, do they discuss first? Responsible party. As a matter of fact, they're required to do it by their regulations. They do responsible party first. So the analytical process in the order is always who is the responsible party, and then are they actually responsible for something? That's right. Okay. And I want to go to their regulations. Now, on this question of collateral estoppel, they point to. . . First of all, this is a retroactive application of 725.309.D4. You can't. . . I mean, the Supreme Court has held with Bowen v. Georgetown University Hospital, no agency can apply a agency regulation retroactively. These regulations were promulgated in 2001. Our case was decided in 1991. But let's just put that aside for a moment and look at what the regulation says. It says that you can relitigate issues when a claimant files a new claim. So it says, no findings made in connection with the prior claim, except those based on a party's failure to contest an issue. Well, in effect, with the administrative law of Judge Howell, the Department of Labor failed to contest the issue of who was responsible. They didn't do what they were asked to do. They didn't really file a brief. All they did was contest it and ask for the right to contest it. And when they didn't contest it, they didn't exercise the right. They waived it, even if you could apply these regulations. Also, I want to point out something else. We cited 725.409.B2. It's really 408. It was a typo. But 725.408.B2. It says, no documentary evidence relevant to the ground set forth in Paragraph 8.2 that is the responsible party determination may be admitted in any further proceedings unless it is admitted within the time limit set forth in this section. So the Labor Department didn't admit their own evidence. They don't want to be bound by their own regulation. They don't want to be bound by the principles of collateral estoppel or the APA, which required the administrative law judge to decide this issue, and they knew that the ALJ had it decided. I see that your red light is on. Thank you. Good morning. May it please the Court, my name is John Rolfe, and I represent the Director, Office of Workers' Compensations Program. I first want to start with sort of the fundamental point that counsel made about finality. This is a subsequent claim, and this Court has upheld subsequent claims numerous times, most recently in Sexton. Once you make that admission, it's really governed by some plainly worded, straightforward regulations, which were actually followed to a T in this case. The regulation on subsequent claims says that once a claimant demonstrates a change in condition, no findings made in the previous claim with exception to those that are failure to contest or stipulated to are binding in the subsequent claim. As your Honors noted, we definitely contested it in the original claim. That's sort of a term of art. What it means to contest is there's a sheet that gets passed up from the District Director to the ALJ listing a list of contested issues. It's in our appendix. I'm sure you've all seen it. It shows that we did contest the issue, and we didn't stipulate it. So the regulation applies here, and the rationale behind the rule is simple. If you didn't have that rationale, you would have cases where there wasn't an injury, where we'd be before you all the time. We weren't injured by this. There was no reason for us to appeal it. Essentially, I'm not sure that we could. You're sort of conflating two of the four arguments that the company is making here, as I understand it. You're starting out talking about waiver, but you're answering the waiver argument by saying there's no estoppel here. So if we just start with and we stick with waiver, just explain to us again why simply apparently filling out a piece of paper suffices to say you contested the issue when, as the IJ says back in 1992, you didn't send a representative, you failed to submit any evidence accordingly, I find, so on and so forth. Well, the simple answer to that is the regulation itself, which is 725309D4, it's a term of art. It defines what it means to contest. It says specifically those that are failed to contest, and it refers to that sheet. So under the language of the regulation itself, we contested it. I thought you had contested by virtue of filing a brief. Is that what you're calling the sheet? No. What is the sheet? I think it's Respondent Appendix 19. Let me check really quickly here. It's a sheet that, well, I'll just explain it to you. It's either page 17 or 19 in your appendix, and it's a sheet that the district director fills out that shows the contested issues for the hearing, and it says on there that responsible operator is contested. So in terms of not contesting for the hearing, we fit under the plain language of the regulation. This thing? Correct. The column you put checks on it, that's it? Correct. So that's your contesting? Yes, and that's actually what the regulation is. Okay, so just so we understand, the entire action taken by the director is check in a box? No. We also, there was a motion to dismiss that was filed. Actually, I mean, this is something, the sheet you wanted us to look at is signed by this claims examiner. So he or she is checking these boxes and apparently must be looking to something in order to check the box, whether it is or isn't contested. So what are they looking at when they fill out this sheet? Well, it's just an indication of it gets passed up to the ALJ after the district director level, and the district director needs to list the issues that are contested for the hearing, and it's as simple as checking the box. But how do they know whether to check the box that it's been contested? Well, in this case, it sort of works in reverse because it was the district director names the responsible operator, and the responsible operator in this case contested it. So that becomes a contested issue, and it's checked on the box. And they weren't accepting liability. We thought they were responsible, therefore we contested it for the hearing, and that's the sheet that you provide to indicate that. And I just want to say that it's more than that. We also responded to the motion to dismiss. So there's the response to the motion to dismiss as well, which is what the regulation requires us to do. All right, if I can get back. So under the regulation, we did contest it for the hearing. Collateral estoppel doesn't apply in this case because two of the four elements aren't met. The first is you have to have a full and fair opportunity to litigate. We weren't injured, so we didn't have an incentive to appeal, and there's an argument whether or not we could or couldn't appeal. Secondly, as you mentioned earlier, the responsible operator designation isn't necessary to the outcome. The outcome in this case was determined completely by the medical records. So collateral estoppel as a matter of law doesn't apply. The regulation was followed. And in terms of naming the responsible operator, counsel was fairly adamant about the Department of Labor not doing its job. Well, the regulation puts the burden on the coal company. After the department searches its records of insurance and submits the form that says that there is no record of insurance, then the burden switches to the coal company. All they had to do to follow the regulations would be to put on evidence that the subsequent company could pay or that it was a successor operation and one of the officers of the company could pay. A little hard for them to prove that if you're the one that's the keeper of the records. They say you lost it. Correct. I'm not sure how... How does that proceed if that's the case? First of all, this happened 20 years ago, and it's pure speculation that we lost it. So there's nothing in the record about what happened. But what is in the record is there was a notice that the most recent company did not have insurance. So we searched the files. We figured that out. We put everybody on notice. And then the burden under the regulations switches to the coal company to come forth. This is a contest between employers. Isn't that correct? You have to have employed the person for over a year. Correct. Right. So what we've got here is we've got the earlier employer saying there is a later employer that employed him for a year. And I think the evidence was the later employer employed him for 18 months or something. Right. And what we've got is two employers, both of whom employed him for a relatively short period of time. Correct. And the records indicate that the first employer is the one who meets the statutory requirements. I'm just struggling. I understand that it is significant financially, but we're looking at the remedial nature of this statute. And so what the statute is saying is if you employed this gentleman over a year or if someone else later employed him over a year, that's how you choose who is liable and responsible. And if neither of them had the necessary insurance, then the fund picks it up. So it's not like we had somebody who employed him for 20 years after Arkansas Coals. We've got two employers who employed him for about the same amount of time. And the question is who met the statutory requirements so that the remedial nature of this statute can be effectuated through one of the employers. Am I missing something or is that the deal? No, that's absolutely correct. And the regulations were followed in this case to effectuate exactly what you said. So, no, that is absolutely correct. Mr. Roth, Mr. Solomon, in answer to a question from Judge McKee, gave us his thoughts on what the analytical framework is in the decision-making process. Would you reply to that? Really, what you have to deal with here, it's the nature of black lung is that it changes all the time. So the regulations recognize that. So the regulation that covers subsequent claim, which this is, shows that when one element changes, it effectively resets the other findings. And the reason it does that is so a party that can't appeal because it's won isn't saddled with adverse findings down the road. And were that not the case, you would have cases where there weren't benefits awarded, where we would all still be here, again, fighting over a claim where there's no award. So it's the only way to effectively make the system work. And it's embodied in the regulation, which was followed in this case. If I understood his answer, he was saying that regardless of where you are, you have to make a decision on who the responsible party was first. And you get to that before you determine whether the claimant has black lung disease. Correct. And that is the normal course. But that doesn't mean in a subsequent claim, it happens in every claim. So a subsequent claim is a separate cause of action. So if one of the elements changed, then you would go through the same analysis in a subsequent claim about responsible operator, which happened here. And it's not like it benefits only the trust fund. It's applied equally. In some cases, it would benefit coal companies. And in some cases, like the president, it benefits the trust fund. So I just was to sum up, collateral estoppel doesn't apply here because as a matter of law, they don't meet two of the four elements. When it comes to actually who's the responsible operator, that's a substantial evidence issue. The burden was on them to come forth with evidence that the more recent employer had the means to pay the claim. And they didn't come forward with anything. They came forward with a speculative deposition from an executive who wasn't able to name any of the financial capabilities or the relationship between companies. So as much as I think there's a lot of sort of side noise here, it's a straightforward subsequent claim. The regulations would follow to a T. Collateral estoppel doesn't apply because two of the four elements aren't met. And unless there's more questions, that's all I have. Thank you. Mr. Solomons, let's assume that it was the responsible operator finding was a necessary finding, and that's the way things normally are done. Let's just assume that. I have no idea what really to make of that form that has check marks on it, so I'm just going to ignore that because that seems a strange thing for either party to be relying upon to me. Excuse me. I am looking at the director's response to the motion to dismiss employer and carrier, and it's not just we oppose. It tells you why they oppose. They've looked at their records. The other operator wasn't insured on the date of the claimant's last exposure. And then they talk about that one was dissolved, too. So it's correct to say that they then didn't prove up on that at the hearing. I get that. But if it's dispositive as to whether they did contest it, just explain to me why in this director's response that was filed on April 17, 1991, that that is not sufficient. Well, I mean, the administrative law judge needs evidence to make a decision. For the government to come in and say the administrative law judge did not accept what he said. Exactly. So you're equating contesting with offering proof. No, no. It doesn't say that. It says you contest. I am talking about whether there was an effort on the part of the Department of Labor to participate in this litigation and to present their evidence like every other party would have to do, and they didn't do that. You know, they say a lot of things. Okay. So do you have a case that says that to contest that you have to show up at the hearing and offer evidence as opposed to… Not that I'm aware of. I agree that would be preferable. That only makes sense. Yeah. But I don't think you'd ever have a case like that because if you don't put any evidence and you don't brief the issues and you don't materially participate in the case, then you haven't defended it, it seems to me. And that would be the case if you were a district court judge and somebody didn't show up and didn't put any evidence and they effectively were defaulted, that would be the end of the game. But wouldn't that be the end of the game only for independent causes of action? And don't you have here a statute whose purpose is a latent and progressive illness, and the statute itself and the case law recognizes the right to bring a subsequent claim? It just seems to me your whole argument hinges on your allegation that they don't have a right to bring a subsequent claim. First of all, there is no statutory right to bring a subsequent claim. None at all. Well, I'm looking… Let me ask you. I'm looking through the circuit law. I find seven circuits that have recognized the propriety of a subsequent and independent cause of action under the Black Lung Law. Do you have any circuit law that does not recognize… I have circuit law that says that Black Lung is not progressive and…  My question is, do you have any circuit law, is there any circuit in our nation that has recognized or determined that you may not bring a second, new, independent, subsequent cause of action under this Act? It's not a new… Let me just say, the answer to that is no, but there is no statutory authority for it. If you could find it, cite it, but there is none. The Department of Labor made this up. They made up this stuff about progressivity. It was litigated in the… Like, the issue is concluded in seven circuits… It was litigated in… It was not litigated in the seventh circuit. It was litigated… They don't let us develop evidence. This is far afield. It was litigated in the D.C. circuit, and they… In the D.C. circuit, they constipulated it wasn't… I think we are far afield here because your argument is there's no statutory authority, and you admit, and there doesn't seem to be any dispute about that, but seven circuits correctly or incorrectly have said you can do it, and you admit that. You can do it for the claimant whose condition gets worse under their theory, but why do you get to have to… Why does the employer get deprived of the benefit of finality for its litigation when the case, when it was fully litigated, there was full opportunity to litigate? Why does the employer get deprived? That has nothing to do with the claimant's deteriorating position. We get it. We get it. I hope everybody gets home okay. Thank you. Case will be submitted.